625 S.E.2d 291

**STATE of West Virginia ex. rel. James M. Wensell, Petitioner Below, Appellee,**

v.

**George TRENT, Warden, Respondent Below, Appellant.**

**No. 32567.**

Supreme Court of Appeals of West Virginia.

Submitted: Sept. 21, 2005.

Filed: Nov. 29, 2005.

---

Darrell V. McGraw, Jr., Esq., Attorney General, Robert D. Goldberg, Esq., Assistant Attorney General, Charleston, for Appellee.

Mark Pellegrin, Esq., Morgantown, for Appellant.

The Opinion of the Court was delivered PER CURIAM.

PER CURIAM.

This case is before this Court upon appeal of a final order of the Circuit Court of Monongalia County entered on July 15, 2004. In that order, the circuit court denied a petition for a writ of habeas corpus filed by James M. Wensell (hereinafter "the appellant"). In this appeal, the appellant contends that the circuit court erred by refusing to

grant his petition for habeas corpus relief based upon his claims of ineffective assistance of counsel[1] as well as his contention that there was a violation of Rule 404(b) of the West Virginia Rules of Evidence. The appellant is currently serving a sentence of no less than twenty-one years and no greater than fifty-five years for his conviction of thirteen counts of sexual felonies against his stepdaughters. Based upon the parties' briefs and arguments in this proceeding, as well as the relevant statutory and case law, we are of the opinion that the circuit court did not commit reversible error and accordingly, affirm the decision below.

## I.

### FACTS

On January 4, 1996, the appellant was indicted on thirteen counts of sexual felonies committed against his stepdaughters, T.E. and A.E.,[2] for offenses committed between 1992 and 1995. The appellant was charged with eight counts of first degree sexual assault, three counts of first degree sexual abuse, and two counts of sexual abuse by a custodian.

The appellant was married to Bobbie Wensell in the summer of 1991. The victims, T.E. and A.E., were Ms. Wensell's two daughters from a previous marriage. T.E. was born on March 8, 1987, and A.E. was born on May 16, 1988. In August 1994, the appellant was arrested and pled guilty to domestic battery. It was throughout this same time period when Ms. Wensell began to notice bruises on her children. During the appellant's trial in the case at bar, Ms. Wensell, T.E., and A.E., testified to specific instances of physical abuse, sexual abuse, and intimidation by the appellant.

Following a four day trial which began on July 16, 1996, a jury found the appellant guilty on all thirteen counts. He was represented by Mr. Howard Higgins during his trial. On October 30, 1996, the appellant's

motion for judgment of acquittal was granted as to one of the thirteen counts. With regard to the remaining twelve counts against him, the appellant was sentenced to no less than twenty-one years and no greater than fifty-five years in the State Penitentiary.

On October 18, 2001, the appellant filed a petition for State habeas corpus relief in the Circuit Court of Monongalia County. On July 15, 2004, following July 23, 2002, and August 23, 2002, omnibus evidentiary hearings, the circuit court denied relief. This appeal followed.

## II.

### STANDARD OF REVIEW

The appellant has presented assignments of error for our review surrounding the denial of his petition for a writ of habeas corpus based on his claim of ineffective assistance of counsel as well as his contention that the circuit court committed error by allowing evidence in violation of Rule 404(b) to be used against him during trial. In Syllabus Point 1 of *State ex rel. Postelwaite v. Bechtold*, 158 W.Va. 479, 212 S.E.2d 69 (1975), we held that "[f]indings of fact made by a trial court in a post-conviction habeas corpus proceeding will not be set aside or reversed on appeal by this Court unless such findings are clearly wrong." Generally applicable is our standard for conducting review of circuit court decisions, as restated in *Phillips v. Fox*, 193 W.Va. 657, 458 S.E.2d 327 (1995):

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*Id.* at 661, 458 S.E.2d at 331 (citing *Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264

---

1. It is noted that counsel for the appellant in this appeal did not represent the appellant at trial.

2. This Court follows its past practice in sensitive cases and shall refer to the names of certain individuals by initials only. *Department of*

*Health and Human Resources ex rel. Mills v. Billy Lee C.*, 199 W.Va. 541, 543 n. 1, 485 S.E.2d 710, 712 n. 1 (1997); *In re Danielle T.*, 195 W.Va. 530, 531 n. 1, 466 S.E.2d 189, 190 n. 1 (1995).

(1995)). With regard to the appellant's claim of ineffective assistance of counsel, this Court held in Syllabus Point 1 of *State ex rel. Vernatter v. Warden,* 207 W.Va. 11, 528 S.E.2d 207 (1999), as follows:

> An ineffective assistance of counsel claim presents a mixed question of law and fact; we review the circuit court's findings of historical fact for clear error and its legal conclusions *de novo.* This means that we review the ultimate legal claim of ineffective assistance of counsel *de novo* and the circuit court's findings of underlying predicate facts more deferentially.

(Quoting *State ex rel. Daniel v. Legursky,* 195 W.Va. 314, 320, 465 S.E.2d 416, 422 (1995)). We further held in Syllabus Point 5 of *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995), that:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

With these standards in mind, we proceed to review the trial court's rulings on the issue of habeas corpus relief to determine if any error was committed.

## III.

## DISCUSSION

The appellant raises two assignments of error in his appeal to this Court. For the reasons set forth below, we do not find merit in any of the assigned errors.

### A. *Ineffective Assistance of Counsel.*

The appellant maintains in his first assignment of error that he was denied a fair trial due to ineffective assistance of counsel during his trial. The only allegations discussed in more than a cursory manner by the appellant are his trial counsel's failure to hire an investigator or to retain a psychological expert. The record shows that prior to the appellant's trial, the circuit court granted his trial counsel's motion to appoint a psychological expert as well as a private investigator. Nonetheless, the appellant's trial counsel did not acquire the services of either in preparation of his case. The appellant maintains that hiring such individuals would have assisted his trial counsel in cross-examining the victims and the State's witnesses. However, other than his general statements that the retention of a psychological expert and investigator would have been helpful to his defense, the appellant does not explain with particularity or give any specific instances as to how this actually harmed his defense.

The State contends that the circuit court correctly denied habeas relief based upon ineffective assistance of counsel and that the appellant simply was not able to meet the requirements of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, the State contends that even if the appellant's counsel was ineffective, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

In Syllabus Point 5, of *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995), this Court provided: "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Moreover, as stated in Syllabus Point 6 of *Miller:*

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the

circumstances, as defense counsel acted in the case at issue.

See Syllabus Points 1 and 2, *Ronnie R. v. Trent*, 194 W.Va. 364, 460 S.E.2d 499 (1995). *See also State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995), holding that counsel must make a "reasonable investigation" of the case in order to provide effective assistance to an accused in a criminal proceeding.

In the July 15, 2004, order, the circuit court found that not hiring a psychologist or investigator fell below professional standards, but that such conduct could not be determined to have had any substantial effect on the appellant's trial. After reviewing the entire record, we agree with the circuit court that the appellant's counsel's conduct fell below professional standards, but that the appellant has not shown how the shortcomings on the part of his trial counsel actually prejudiced him or had any substantial effect on the outcome of the trial.

■ With regard to his trial counsel's failure to hire an investigator, this Court believes that while the retaining of an investigator could have been helpful, the appellant has not shown any actual new, exculpatory evidence which might have been discovered had an investigator been hired. The result is that the circuit court and this Court are left to speculate regarding what, if any, exculpatory evidence might have been discovered through the hiring of an investigator in the underlying criminal trial. Unfortunately, this does not carry the day in a habeas corpus proceeding and this Court is not persuaded that, but for the appellant's failure to hire an investigator in the underlying criminal trial, there is a reasonable probability that the outcome of the trial would have been any different.

■ We have also carefully reviewed the appellant's contention of trial error with regard to his counsel's failure to retain a psychological expert. During the appellant's habeas corpus hearing before the circuit court he did retain Dr. David Clayman, a psychological expert, who submitted an affidavit of his findings as well as providing testimony at the omnibus hearing on behalf of the appellant. Dr. Clayman gave testimony regarding the areas where he believed the appellant's trial counsel fell short in cross-examining both of the psychological experts for the State. However, having carefully reviewed the affidavit submitted by Dr. Clayman, as well as the transcript of the testimony given by Dr. Clayman at the omnibus hearing, this Court does not believe that the appellant's counsel's failure to cross-examine these expert witnesses in these areas caused the appellant any substantial prejudice at trial. This is particularly true in consideration of the fact that nowhere within the affidavit or testimony of Dr. Clayman does he criticize the ultimate opinions which were rendered by the State's expert witnesses. In fact, Dr. Clayman affirmatively made it clear throughout his testimony and affidavit that he was not criticizing the ultimate opinions of either of these doctors, or the manner and procedure in which these opinions were derived. Moreover, Dr. Clayman specifically stated that the evaluations of the victims performed by the State's experts met "acceptable standards, both in procedure and content."

This Court would likely have been more persuaded that the appellant's trial counsel's failure to procure a psychological expert caused the petitioner prejudice at trial if his own expert witness, Dr. Clayman, had asserted any flaws with the State's experts' ultimate opinions; however, this clearly was not the nature of Dr. Clayman's opinion. Thus, this Court believes the appellant has not shown that the outcome of his trial would have been any different had the appellant's trial counsel retained a psychological expert.

At the end of the appellant's argument with regard to his ineffective assistance of counsel claim, he provides a laundry list of other alleged instances of ineffective assistance of counsel which amount to nothing more than general and bare allegations without any analysis, explanation, or legal citation. The appellant summarily states that his trial counsel: failed to object to hearsay evidence elicited from alleged victims' doctors, caseworkers, and psychologists; failed to object to statements by the victims' mother; failed to adequately cross-examine and attack the credibility and inconsistencies of

the alleged victims; failed to object to numerous instances of irrelevant evidence pertaining to prior bad acts and counseling; failed to object to the prosecution's experts rendering opinions that were not based upon a reasonable degree of medical probability or certainty; failed to properly investigate the appellant's case; failed to properly *voir dire* the jury panel; failed to properly *voir dire* and cross-examine the prosecution's experts; failed to follow-up on the motion for a bill of particulars after it was granted; and failed to object to the procedure that the court followed for allowing evidence under the West Virginia Rules of Evidence 404(b).

 Although the appellant makes these claims, he does not provide to this Court any examples of how the circuit court acted in an erroneous manner or in a manner that was not consistent with the laws of West Virginia. Rather, the appellant's assertions lack reasonable specificity and particularity and are completely unsupported. In the absence of such supporting arguments or authority, we deem these assignments of error to have been waived. As we explained in *State Dept. Of Health v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995), "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim.... Judges are not like pigs, hunting for truffles buried in briefs." (Citation omitted). Moreover, as we held in Syllabus Point 2 of *WV Dept. of Health & Human Resources Employees Federal Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004), " '[a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.' Syllabus Point 5, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966)."

Likewise, this Court has previously adhered to the rule that, "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996). *Accord State v. Allen*, 208 W.Va. 144, 162, 539 S.E.2d 87, 105 (1999); *State v. Easton*, 203 W.Va. 631, 642 n. 19, 510 S.E.2d 465, 476 n. 19 (1998); *State v. Lilly*, 194 W.Va. 595, 605 n. 16, 461 S.E.2d 101, 111 n. 16 (1995).

Based upon all of the above as well as our thorough review of the record, we find that there is no merit to the appellant's allegations of ineffective assistance of counsel.

### B. W.Va. R. Evid. 404(b)

Next, the appellant maintains that throughout the trial the State introduced testimony in violation of Rule 404(b)[3] of the West Virginia Rules of Evidence. Specifically, the appellant argues that the circuit court should have excluded testimony that he punished his stepdaughters by spanking them with a paddle board; that he smacked his stepdaughter with an open hand in 1992 causing facial bruises; that he assaulted his wife in a domestic dispute in 1994; and that he disciplined his stepchildren extensively in a non-physical manner such as sending them to their room.

The State responds that there was no violation of law in admitting the evidence. It argues that the purpose of the evidence was to further demonstrate the conditions in the home which caused the children to be fearful of making disclosures to anyone while the family resided together. Moreover, the showing that the incident had actually occurred was made by the appellant's guilty plea to a domestic battery charge in connection with that event. We agree.

**3.** Rule 404(b) of the West Virginia Rules of Evidence provides:

Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

■ We have heretofore drawn a distinction between intrinsic and extrinsic evidence. In Syllabus Point 1 of *State v. Spicer*, 162 W.Va. 127, 245 S.E.2d 922 (1978), we held that "[o]ther criminal act evidence admissible as part of the *res gestae* or same transaction introduced for the purpose of explaining the crime charged must be confined to that which is reasonably necessary to accomplish such purpose." Moreover, in *State v. LaRock*, 196 W.Va. 294, 470 S.E.2d 613 (1996), addressing a father's conviction for the murder of his infant son, we explained as follows:

> Evidence of the prior attacks and beatings not only demonstrated the motive and set-up of the crime but also was necessary to place the child's death in context and to complete the story of the charged crime. We hold that historical evidence of uncharged prior acts which is inextricably intertwined with the charged crime is admissible over a Rule 403 objection.

196 W.Va. at 313, 470 S.E.2d at 632. We further explained that:

> In determining whether the admissibility of evidence of "other bad acts" is governed by Rule 404(b), we first must determine if the evidence is "intrinsic" or "extrinsic." *See United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990): " 'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." (Citations omitted). If the proffer fits in to the "intrinsic" category, evidence of other crimes should not be suppressed when those facts come in as *res gestae*—as part and parcel of the proof charged in the indictment. *See United States v. Masters*, 622 F.2d 83, 86 (4th Cir.1980) (stating evidence is admissible when it provides the context of the crime, "is necessary to a 'full presentation' of the case, or is ... appropriate in order 'to complete the story of the crime on trial by proving its immediate context or the *"res gestae"* ' "). (Citations omitted).

*LaRock*, 196 W.Va. at 312 n. 29, 470 S.E.2d at 631 n. 29.

■ We find that the evidence which the appellant challenges on this appeal was merely presented as context evidence illustrating why the appellant's stepdaughters were terrified of him and were fearful to report the appellant's conduct while the appellant was living under the same roof. It portrayed to the jurors the complete story of the inextricably linked events with regard to the interaction between the appellant and his stepdaughters and amounted to intrinsic evidence. Moreover, even though the State had no obligation to provide notice of Rule 404(b) evidence, it did so anyway in its initial discovery materials. The State advised of its intent to seek admission of the evidence because the excessive and harsh disciplinary measures by the appellant against his stepchildren provided the complete picture for the sexual abuse and explained the delay in reporting by the children until the time they were outside of the appellant's care, custody, and control. The State also advised of its intention to use evidence of a domestic violence episode in the home by the appellant against his wife, which was committed in the presence of the children. Clearly, the purpose of the evidence was to further demonstrate the conditions in the home which would cause the children to be fearful of making disclosures to anyone while the family resided together. The showing that the incident had actually occurred was made by the appellant's guilty plea to a domestic battery charge in connection with that event.

Our review of this matter did not reveal any abuse of discretion by the lower court, and we do not find that the lower court acted in an arbitrary or irrational manner. We consequently affirm on this ground.

## IV.

## CONCLUSION

Accordingly, for the reasons stated above, the final order of the Circuit Court of Monongalia County entered on July 15, 2004, is affirmed.

Affirmed.