# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ernest Tucker,**
**Petitioner Below, Petitioner**

**FILED**

June 27, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 13-1228** (Berkeley County 12-C-748)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Ernest Tucker, appearing *pro se*, appeals the November 15, 2013, order of the Circuit Court of Berkeley County that denied his petition for a writ of habeas corpus. Respondent warden, by counsel Christopher C. Quasebarth, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 29, 1995, petitioner was convicted of first degree murder. Following the jury's recommendation of mercy, petitioner was sentenced to a life term in prison with the possibility of parole. Petitioner appealed his conviction, which this Court refused on March 26, 1998.

In petitioner's first habeas corpus proceeding, he was appointed counsel who filed an amended petition that raised allegations of ineffective assistance of trial counsel. On February 15, 2011, the circuit court denied the amended petition finding that "no evidentiary hearing is required in this matter." Petitioner appealed. In *Tucker v. McBride*, No. 11-0593, 2012 WL 3194048 (W.Va. Supreme Court, March 9, 2012) (memorandum decision), this Court affirmed the denial of the amended petition.

On September 24, 2012, petitioner filed the instant petition for a writ of habeas corpus that alleged that counsel in the first habeas proceeding was ineffective by not alleging that, but for trial counsel's erroneous advice with regard to the effect a second degree murder conviction would have on sentencing for subsequent federal charges—not yet pending—he would have accepted the State's offer to plead guilty to second degree murder.[1] On October 25, 2013, the circuit court

---

[1] While petitioner was represented by counsel in a prior habeas proceeding where the circuit court specifically found that an evidentiary hearing was not required, the doctrine of res

1

directed respondent warden to respond to the petition.

In his response, respondent warden noted that petitioner was not indicted on the federal charges until six weeks *after* he rejected the State's offer to plead guilty to second degree murder in this case.[2] On November 15, 2013, the circuit court denied petitioner's instant petition finding that it was not ineffective assistance for habeas counsel not to include the claim with regard to trial counsel's allegedly erroneous advice about sentencing possibilities in a not-yet-filed federal case. The circuit court reasoned as follows:

> The Petitioner acknowledges that he and his trial counsel discussed that any state murder conviction could have an impact on any future federal sentence to be imposed. . . . There could be no exactness of the impact of a State murder sentence on a federal 52-count indictment[3] that was not handed down until weeks after the Petitioner rejected the State's plea offer. The ultimate resolution of the federal case and the sentence there imposed was more than a year distant. Even if the Petitioner were to prove that he asked habeas counsel to include this additional allegation of ineffective assistance of trial counsel in the omnibus habeas, it was not unreasonable of them to decline because the allegation lacked merit.

(Footnote added; citation omitted.).

Petitioner now appeals the circuit court's November 15, 2013, denial of his instant petition. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006). Also, in West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668 (1984), which requires the following: (1) counsel's

---

judicata did not bar the instant petition because petitioner alleged habeas counsel was ineffective. *See* Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

[2] Petitioner rejected the State's plea offer on October 20, 1995, but was not indicted on the federal charges until November 30, 1995.

[3] According to the respondent warden, the federal indictment charged drug offenses unrelated to the state murder case. In his current habeas petition, petitioner stated that he ultimately pled guilty to three out of the fifty-two charges of the federal indictment: (1) possession with intent to distribute cocaine; (2) use or possession of a firearm for drug trafficking; and (3) convicted felon in possession of a firearm.

2

performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*).

On appeal, petitioner asserts that his allegation that trial counsel provided erroneous advice on a possible federal sentence was sufficient to entitle him to the appointment of counsel and an omnibus habeas corpus hearing. Petitioner also argues that the circuit court should have waited until it received his reply to the response before it denied his petition.

Respondent warden counters that a court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the record shows to the court's satisfaction that the petitioner is entitled to no relief. *See* Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973). Respondent warden asserts that because petitioner was not indicted by the federal government until six weeks *after* he rejected the State's offer to plead guilty to second degree murder, there could be no exactness on what effect petitioner's state conviction would have had on an unrelated, after-occurring federal prosecution. Accordingly, respondent warden argues that it is irrational to say that any federal sentence affected petitioner's decision to go to trial on the first degree murder charge.

In *State ex rel. Wensell v. Trent*, 218 W.Va. 529, 625 S.E.2d 291 (2005), this Court addressed a petitioner's allegation that trial counsel was ineffective in not hiring an investigator. *Id.* at 534, 625 S.E.2d at 296. This Court found that hiring an investigator would have been helpful to the petitioner's defense, but that the petitioner failed to show that hiring an investigator would have led to exculpatory evidence. *Id.*[4] Thus, the Court rejected the claim of ineffective assistance of counsel because speculation as to what, if any, exculpatory evidence might have been discovered "does not carry the day in a habeas corpus proceeding." *Id.*

The Court finds that petitioner's claim of ineffective assistance fails for the same reason. Petitioner wanted the circuit court to speculate as to what his thought processes were with regard to counsel's advice—erroneous or otherwise—concerning sentencing possibilities in an unrelated federal prosecution that was not initiated until six weeks *after* he rejected the State's offer to plead guilty to second degree murder. As we stated in *Wensell*, speculation "does not carry the day in a habeas corpus proceeding." *Id.* at 534, 625 S.E.2d at 296. Therefore, this Court concludes that the circuit court did not abuse its discretion in denying the petition.

For the foregoing reasons, we affirm.

Affirmed.

---

[4] To be cognizable in habeas corpus, an alleged error must be of constitutional magnitude. *See* Syl. Pt. 4, *State ex rel. McMannis v. Mohn,* 163 W.Va. 129, 254 S.E.2d 805 (1979), *cert. denied,* 464 U.S. 831 (1983).

**ISSUED:** June 27, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4