# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0353** (Fayette County 16-F-121)

**Deborah White,**
**Defendant Below, Petitioner**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Deborah White, by counsel Joseph M. Mosko, appeals the Circuit Court of Fayette County's March 28, 2017, sentencing order. Respondent State of West Virginia, by counsel Shannon Frederick Kiser, filed a response and supplemental appendix. Petitioner filed a reply. On appeal, petitioner contends that the circuit court erred in denying her oral motion to examine the magistrates who issued an authorization for electronic intercept and a search warrant and that the prosecutor's closing argument was "so inflammatory" that it amounted to plain error.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 11, 2016, petitioner was indicted for one count of conspiracy, three counts of delivery of a controlled substance, two counts of delivery of a narcotic controlled substance, one count of child neglect creating risk of injury, two counts of possession of a controlled substance with intent to deliver, one count of possession of a narcotic controlled substance with intent to deliver, and one count of possession of a firearm by a convicted felon.

On January 9, 2017, the parties appeared for a pretrial hearing. At that hearing, petitioner orally moved to examine the magistrates who issued an authorization for electronic intercept ("AEI") and a search warrant of her property. The State objected to this motion on the ground that petitioner failed to file a written motion setting forth the bases for the motion. The circuit court denied petitioner's motion "due to lack of a written motion being filed."

Petitioner's trial commenced on January 23, 2017. Prior to trial and at the close of the State's case-in-chief, petitioner secured dismissal of several charges; however, the jury convicted her of conspiracy, three counts of delivery of a controlled substance, one count of delivery of a narcotic controlled substance, two counts of possession of a controlled substance with intent to

1

deliver, and one count of possession of a narcotic controlled substance with intent to deliver. The circuit court sentenced petitioner to an effective eight- to sixty-year term of incarceration, and it memorialized this sentence in an order entered on March 28, 2017. It is from this order that petitioner appeals.

Our general standard of review for findings and rulings made by a circuit court is as follows:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*State ex rel. Wensell v. Trent*, 218 W.Va. 529, 532, 625 S.E.2d 291, 294 (2005) (citation omitted).

On appeal, petitioner first argues that the circuit court erred in denying her oral motion to examine the magistrates. Petitioner argues that Rule 12(b) of the West Virginia Rules of Criminal Procedure imposes no requirement that she file a written motion. Petitioner also contends that an examination of the magistrates "would have been essential to determine if . . . they exercised their duties" in issuing the AEI and search warrant, particularly because "the bulk of the charges resulted from actions taken by law enforcement after the signing of the intercept order and warrant[.]"

Rule 12(b) of the West Virginia Rules of Criminal Procedure provides that "[a]ny defense, objection or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge." Petitioner acknowledges that the rule "is clear that whether or not any motion is to be written or oral is within the discretion of the [c]ourt[,]" and she offers no law or argument to support her assertion that the circuit court's declination to entertain her oral motion amounts to an abuse of discretion. Rather, petitioner's arguments center on magistrates' duties in issuing warrants and the assertion that the State would not have been prejudiced by the examination. Petitioner has failed, therefore, to establish any error in the circuit court's refusal to consider her motion on the ground that it was not reduced to writing.

Petitioner's final argument on appeal concerns the State's closing argument. Petitioner's trial counsel acknowledges that he failed to object to the argument, but argues that the "argument was so inflammatory as to constitute plain error." Petitioner takes specific issue with the State's reference to the controlled substances at issue as "poison," and she argues that the prosecutor "argued facts not in evidence, went into irrelevant details, moralized over the scourge of the drug epidemic, and belittled" her. Petitioner cites as one such example the prosecutor's statement that

> [e]very time she gets pills, pills that come from the backs of drug addled people, pills that come from the taxpayers through Medicaid, and Medicare, and the VA,

money that comes from houses being broken into and people's stuff being stolen that they work hard for, every time she has that opportunity, she says yes.

We begin by noting that "[i]f either the prosecutor or defense counsel believes the other has made improper remarks to the jury, a timely objection should be made coupled with a request to the court to instruct the jury to disregard the remarks." Syl. Pt. 10, *State v. Davis*, 205 W.Va. 569, 519 S.E.2d 852 (1999) (citation omitted). "Failure to make timely and proper objection to remarks of counsel made in the presence of the jury, during the trial of a case, constitutes a waiver of the right to raise the question thereafter either in the trial court or in the appellate court." *Id.* at 573, 519 S.E.2d at 856, Syl. Pt. 11 (citation omitted). Therefore, petitioner "cannot argue for the first time on appeal that the prosecutor made improper remarks during the State's . . . closing argument." *Id.* at 586, 519 S.E.2d at 869.

Although petitioner urges this Court to apply the plain error doctrine, we have also noted that "the doctrine of plain error with regard to objectionable closing remarks is sparingly applied." *State v. Grubbs*, 178 W.Va. 811, 818, 364 S.E.2d 824, 832 (1987). Furthermore, we have recognized that "[a] prosecutor is allowed to argue all reasonable inferences from the facts[,]" is given "great latitude in the argument of a case," and should not be subject to "[u]ndue restriction" in his or her argument to the jury. *State v. Messer*, 223 W.Va. 197, 203, 672 S.E.2d 333, 339 (2008) (citations omitted). Petitioner fails to offer any law or analysis to support her assertion that the prosecutor's argument was "so inflammatory and wrought with vitriol" that it exceeded the wide latitude afforded to prosecutors or that would justify the application of the plain error doctrine. Accordingly, we decline to do so.

For the foregoing reasons, the circuit court's March 28, 2017, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker