323 S.E.2d 601

**John E. BURDETTE, II**

v.

**The Honorable Charles M. LOBBAN.**

**No. 16494.**

Supreme Court of Appeals of
West Virginia.

Dec. 6, 1984.

Mary Beth Kershner, Asst. Atty. Gen., Lauren Young, Charleston, for petitioner.

Richard Gunoe, Asst. Pros. Atty.; Hinton, for respondent, Judge.

David L. Parmer, Hinton, for M.J. and V.J.

Perry E. Mann, Hinton, for R.J.

NEELY, Justice:

The petitioners seek to prohibit the enforcement of certain provisions of a circuit court order permitting the interrogation of the alleged child-victim of sexual abuse outside the presence of her court-appointed attorney. Because of the clear language of *W. Va. Code* 49–6–2(a) [1984] providing that a child in a neglect or abuse proceeding shall have the right to be represented by counsel "at every stage of the proceed-

ings", we award the writ. In addition, we hold that the court, in an abuse or neglect proceeding, may appoint a neutral psychologist or psychiatrist to inquire into the child's capacity to testify.

I

In this case a five-year-old girl was allegedly the victim of sexual abuse inflicted by her father. During a preliminary hearing on this matter, the circuit court issued an order that counsel for the respondent-parents and the guardian *ad litem* appointed for the child should "interview said child together and then privately." The court found no reason not to permit the child to be interviewed by her father's counsel without anyone else, including her own lawyer, being present.

*W. Va. Code* 49–6–2(a) [1984] reads in part: "In any proceeding under the provisions of this article, the child, ... shall have the right to be represented by counsel at every stage of the proceedings ..." Clearly this section is dispositive: a child who is the subject of a sexual abuse or neglect proceeding may not be interrogated at any time during such proceeding without the presence of her counsel unless her counsel waives that right.

This Court has previously held that in juvenile delinquency proceedings an immature minor is incapable of waiving his right to assistance of counsel except upon the advice of counsel. *State ex rel J.M. v. Taylor*, 166 W.Va. 511, 276 S.E.2d 199 (1981). Certainly, it is absurd to maintain that an alleged abuse victim five years old is capable, not only of exercising independent judgment during a private interrogation conducted by the lawyer representing the alleged perpetrator of the abuse, but also of withstanding the subtle pressure that such a lawyer might attempt, consciously or unconsciously, to exert.

A parent accused of sexual abuse by his minor child has a constitutional right to know of what his child accuses him in order to prepare his defense. But certainly the child victim has a concurrent right to be protected against unrestrained private

examination by adverse interests. Child victims of sexual abuse doubtless have undergone a horrifying experience. For that reason it is necessary to assure the child a modicum of protection. *See* generally, Parker J., "The Rights of Child Witnesses: Is the Court a Protector or Perpetrator?" 17 *New Eng. L.J.* 3 (1982); Note, "Evidentiary Problems in Criminal Child Abuse Prosecutions," 63 *Geo. L.J.* 257 (1974).

## II

 Often a child in an abuse proceeding is the only potential witness. Thus, the problem confronting any court at the outset of an abuse proceeding is whether the child is competent to testify against her parents.[1] When dealing with adult witnesses, the issues of competency and credibility are separable. These distinctions become blurred in the case of a five-year-old, however. In some situations a child may be engaging in phantasy. For example, the child may desire to "hurt" the parent for a real or imagined grievance. In other cases, the child may be incapable of making rational judgments on his own without being unduly influenced by others. *See*, Note, "Lawyering for the Abused Child: You Can't Go Home Again" 29 *UCLA L. Rev.* 1216, at 1241–44 (1982).

Therefore, we understand a trial court's concern to determine that a child is a competent witness before she is allowed to be the prime accuser. To do this the court should appoint a neutral child psychologist or psychiatrist to inquire into the child's capacity. However, the court may not force the child to be interviewed by the psychologist or psychiatrist alone unless both the court and the guardian *ad litem* agree that the interview is best conducted in that manner. The corollary to the proposition that the guardian *ad litem* must give permission, however, is that the trial court can refuse to allow the child to be a witness in the absence of an unimpeded interview with a child psychologist or psychia-

trist who could then give some assurance of competency. Under *W.Va.Code* 49–6–2(c) [1984] this interview with the child psychologist or psychiatrist should be transcribed or recorded in an unobtrusive manner (unless waived by all the parties to the proceedings).

For the reasons stated above, the writ of prohibition prayed for is awarded.

Writ Awarded.

---

**1.** The traditional test in determining the competency of a child witness is whether the child "has intelligence enough to make it worthwhile to hear him at all and whether he feels a duty to tell the truth." *McCormick on Evidence* § 62 (3d ed. E. Cleary 1984). Thus the judge usually considers the child's capacity to tell the truth and not simply his age.