664 S.E.2d 99

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Harold Lee CYRUS, Defendant Below, Appellant.**

**No. 33453.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 23, 2008.

Decided Feb. 20, 2008.

---

David C. Smith, Esq., Phillip A. Scantlebury, Esq., Smith & Scantlebury L.C., Bluefield, WV, for Appellant.

Darrell V. McGraw, Jr., Esq., Attorney General, Dawn E. Warfield, Esq., Deputy Attorney General, Charleston, WV and Deborah K. Garton, Esq., Assistant Prosecuting Attorney, Princeton, WV, for Appellee.

PER CURIAM.

This case is before this Court upon appeal of a final order of the Circuit Court of Mer-

cer County entered on July 25, 2006. In that order, the appellant and defendant below, Harold Lee Cyrus, was sentenced to two terms often to twenty years in the penitentiary upon his conviction of two counts of sexual abuse by a custodian. The appellant was also sentenced to two terms of five to fifteen years in the penitentiary upon his conviction of two counts of incest. The appellant was ordered to serve the four sentences consecutively. After due consideration, however, the circuit court further ordered that one of the appellant's sentences often to twenty years for sexual abuse by a custodian be suspended, and that the appellant be placed on probation for a period of ten years upon his release from the penitentiary after he has served the other three consecutive sentences.

In this appeal, the appellant first contends that the circuit court erred by allowing the State to present expert testimony from three witnesses without prior disclosure of the nature of their testimony pursuant to Rule 16 of the West Virginia Rules of Criminal Procedure. Secondly, the appellant argues that the circuit court erred by allowing the State to introduce testimony in violation of Rule 404(b) of the West Virginia Rules of Evidence.[1] Having considered the petition for appeal, the entire record, the briefs and argument of counsel, and the pertinent authorities, we affirm the final order.

## I.

### FACTS

On October 13, 2005, the appellant was indicted on twenty-three counts of sex offenses. Specifically, the appellant was charged with six counts of first degree sexual assault, eight counts of sexual abuse by a custodian, seven counts of incest, and two counts of third degree sexual assault. The alleged victims were the appellant's biological daughter, V.C.,[2] and his stepdaughter, K.S.[3]

The offenses allegedly occurred from 1997 through 2003.

At trial, eight of the counts were dismissed by the circuit court, and the jury found the appellant not guilty of eleven counts. The appellant was convicted of two counts of sexual abuse by a custodian and two counts of incest, all of which pertained to his stepdaughter, K.S. As noted above, the appellant was sentenced to a total of thirty to seventy years in the penitentiary but the court suspended one sentence of ten to twenty years and ordered that the appellant be placed on probation for ten years upon his release from the penitentiary. The final order was entered on July 25, 2006, and this appeal followed.

## II.

### STANDARD OF REVIEW

As discussed above, the appellant assigns error to the circuit court's admission of certain evidence at trial. This Court has held that,

" 'The West Virginia Rules of Evidence ... allocate significant discretion to the trial court in making evidentiary ... rulings. Thus, rulings on the admissibility of evidence ... are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary ... rulings of the circuit court under an abuse of discretion standard.' Syllabus Point 1, in part, McDougal v. McCammon, 193 W.Va. 229, 455 S.E.2d 788 (1995)." Syllabus Point 9, Smith v. First Community Bancshares, Inc., 212 W.Va. 809, 575 S.E.2d 419 (2002).

Syllabus Point 2, State v. Harris, 216 W.Va. 237, 605 S.E.2d 809 (2004). This Court has also held that,

"The traditional appellate standard for determining prejudice for discovery violations under Rule 16 of the West Virginia

1. In his petition for appeal, the appellant presented additional assignments of error. By order dated June 5, 2007, we granted the appellant's petition but limited our review to these two issues.

2. We follow our traditional practice in cases involving sensitive facts and use initials to identify

the alleged victims rather than their full names. See In the Matter of Jonathan P., 182 W.Va. 302, 303 n. 1, 387 S.E.2d 537, 538 n. 1 (1989).

3. V.C. was born on November 2, 1986, and K.S. was born on January 12, 1990.

Rules of Criminal Procedure involves a two-pronged analysis: (1) did the non-disclosure surprise the defendant on a material fact, and (2) did it hamper the preparation and presentation of the defendant's case." Syllabus Point 2, *State ex rel Rusen v. Hill,* 193 W.Va. 133, 454 S.E.2d 427 (1994).

Syllabus Point 1, *State v. Keenan,* 213 W.Va. 557, 584 S.E.2d 191 (2003). With these standards in mind, we now consider the alleged errors.

## III.

### DISCUSSION

■ The appellant first contends that the circuit court erred by allowing Shannon Beck, a counselor to K.S.; Krystal Leedy, a Child Protective Services (CPS) worker; and Shirley Aycoth, a nurse practitioner who conducted a sexual assault examination of K.S., to testify as expert witnesses on behalf of the State. The appellant claims that the State failed to make the requisite disclosure mandated by Rule 16(a)(1)(E) of the West Virginia Rules of Criminal Procedure. Rule 16(a)(1)(E) states that,

> Upon request of the defendant, the state shall disclose to the defendant a written summary of testimony the state intends to use under Rules 702, 703, or 705 of the Rules of Evidence during its case in chief at trial. The summary must describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications.

According to the appellant, the State advised during a pre-trial hearing that it would not present any expert testimony at trial. The appellant claims he was therefore completely surprised when the State called Krystal Leedy, Shannon Beck, and Shirley Aycoth to offer expert testimony. The appellant contends that the State's failure to disclose that it intended to present this expert testimony at trial clearly hampered the presentation of his case as he obviously did not have time to prepare a thorough cross-examination. The appellant argues that the State's failure to disclose its expert witnesses and the nature of their testimony prior to trial pursuant to Rule 16 of the West Virginia

Rules of Criminal Procedure warrants reversal of his convictions and a new trial.

The State maintains, however, that disclosure was not necessary pursuant to Rule 16 because these witnesses were called to present factual testimony only. The State contends that Ms. Beck, Ms. Leedy, and Ms. Aycoth were not called as experts and the State did not ask them to give expert opinions. Rather, the State asserts that the appellant turned these witnesses into experts by his own questions during cross-examination.

Upon review of the record, we find that the testimony of these witnesses on direct examination was limited to their factual knowledge of the case. In that regard, Ms. Beck was asked questions about her treatment of K.S. Ms. Beck's testimony did not deviate from her treatment records, a copy of which was provided to the appellant before trial. Ms. Leedy only testified about her participation as K.S.'s case manager in the related abuse and neglect proceedings. Ms. Aycoth's testimony was limited to the fact that she did not find any evidence that K.S. had been sexually assaulted when she examined her in 2003.

■ The record shows that the expert testimony provided by these witnesses was elicited during cross-examination. For instance, counsel for the appellant asked Ms. Beck several questions about recantations and whether recantations could ever be believed. This Court has long held that parties cannot complain on appeal about the introduction of evidence adduced by them. In Syllabus Point 2 of *State v. Bowman,* 155 W.Va. 562, 184 S.E.2d 314 (1971), this Court explained that, "An appellant or plaintiff in error will not be permitted to complain of error in the admission of evidence which he offered or elicited, and this is true even of a defendant in a criminal case." Thus, we find no merit to this assignment of error.

The appellant next argues that the circuit court erred by allowing the State to introduce evidence in violation of Rule 404(b) of

the West Virginia Rules of Evidence.[4] In that regard, the appellant contends that the circuit court erred by allowing the State to present testimony that he began sexually abusing and assaulting the victims while they were living in McDowell County; that he physically punished the victims when they disclosed the abuse in McDowell County; and that the victims were removed from his custody as a result of abuse and neglect proceedings in McDowell County. The appellant also maintains this evidence was more prejudicial than probative and thus, should have also been excluded pursuant to Rule 403 of the West Virginia Rules of Evidence.[5] The appellant reasons that the jury would have had to conclude from this evidence that he must be guilty of something. He contends that the State never made any disclosure regarding this evidence, and there was no pre-trial evidentiary hearing to alert him that this evidence would be admitted.

To the contrary, the State maintains that the evidence of sexual abuse which began in McDowell County and continued after the family moved to Mercer County, as well as evidence that physical punishment was inflicted upon V.C. after she made a disclosure, was inextricably intertwined with the charged crimes and was therefore, admissible. The State contends that it disclosed its intention to use this evidence prior to trial, and the circuit court did not err in ruling that it was admissible intrinsic evidence. The State also notes that both parties relied upon evidence stemming from the abuse and neglect proceedings.

In *State v. LaRock*, 196 W.Va. 294, 470 S.E.2d 613 (1996), this Court explained that evidence which is "intrinsic" to the indicted charge is not governed by Rule 404(b). We stated,

> In determining whether the admissibility of evidence of "other bad acts" is governed by Rule 404(b), we first must determine if the evidence is "intrinsic" or "extrinsic." *See United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990): " 'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." (Citations omitted). If the proffer fits into the "intrinsic" category, evidence of other crimes should not be suppressed when those facts come in as *res gestae*—as part and parcel of the proof charged in the indictment. *See United States v. Masters*, 622 F.2d 83, 86 (4th Cir.1980) (stating evidence is admissible when it provides the context of the crime, "is necessary to a 'full presentation' of the case, or is ... appropriate in order 'to complete the story of the crime on trial by proving its immediate context or the "res gestae" ' "). (Citations omitted).

196 W.Va. at 312 n. 29, 470 S.E.2d at 631 n. 29. This Court further held in *LaRock* that "historical evidence of uncharged prior acts which is inextricably intertwined with the charged crime is admissible over a Rule 403 objection," 196 W.Va. at 313, 470 S.E.2d at 632. We explained that, "Rule 403 was not intended to prohibit a prosecutor from presenting a full picture of a crime especially where the prior acts have relevance independent of simply proving the factors listed in Rule 404(b)." *Id.*

---

**4.** Rule 404(b) of the West Virginia Rules of Evidence provides:

> *Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court

excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

**5.** Rule 403 of the West Virginia Rules of Evidence states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

 

We applied our holdings from *LaRock in State v. Slaton,* 212 W.Va. 113, 569 S.E.2d 189 (2002). In that case, the appellant was charged with one count of first degree sexual assault; yet, the State presented evidence indicating that the appellant had sexually assaulted the victim on more than one occasion. The appellant argued that the evidence should have been excluded pursuant to Rule 404(b). This Court rejected that argument finding that "the multiple incidents of sexual assault were 'inextricably intertwined' " and thus, the evidence was admissible as it did not constitute a separate act. 212 W.Va. at 119, 569 S.E.2d at 195.

In *State ex rel. Wensell v. Trent,* 218 W.Va. 529, 625 S.E.2d 291 (2005), the appellant sought habeas corpus relief after he was convicted of multiple counts of first degree sexual abuse, first degree sexual assault, and sexual abuse by a custodian. The appellant asserted that the circuit court should have excluded evidence that he punished his victims by spanking them with a paddle board and that he had previously assaulted his wife during a domestic dispute. We concluded that the evidence was admissible explaining that "[i]t portrayed to the jurors the complete story of the inextricably linked events with regard to the interaction between the appellant and his stepdaughters and amounted to intrinsic evidence." 218 W.Va. at 536, 625 S.E.2d at 298.

 In this case, the evidence that the appellant sexually assaulted and abused the victims in McDowell County was inextricably intertwined with the alleged offenses in Mercer County. During the time span of the indictment, the appellant and his family, including the victims, moved back and forth between Mercer County and McDowell County. The sexual abuse was a continuing act that occurred in both counties and was impossible for the victims to segregate. Thus, we find no error with the admission of this evidence.

 With respect to the abuse and neglect proceedings, the record shows that the appellant never objected at trial when V.C. and K.S. revealed that they had been removed from the appellant's home. In fact, K.S.'s recantation during the abuse and neglect adjudicatory hearing was central to the appellant's defense. He claimed that the offenses never occurred and that the victims were lying. During cross-examination of K.S., counsel for the appellant confronted her with the testimony she gave during the abuse and neglect proceedings wherein she denied that the appellant sexually assaulted her. Given the appellant's own reliance upon evidence relating to the abuse and neglect proceedings, he cannot now complain of its admission.[6] *See* Syllabus Point 2, *Bowman, supra.* Thus, we find no merit to this assignment of error.

## IV.

### CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Mercer County entered on July 25, 2006, is affirmed.

Affirmed.

---

6. We note that the circuit court did give a cautionary instruction after "termination proceedings" were first mentioned during the trial.