# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 11-1779** (Roane County 09-F-61)

**Charles B.,**
**Defendant Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Charles B.,[1] by counsel Teresa C. Monk, appeals the Circuit Court of Roane County's order denying petitioner's motion to set aside the verdict and grant a new trial, entered on May 26, 2011. The State of West Virginia, by counsel C. Casey Forbes, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on six counts of sexual assault in the second degree and six counts of sexual abuse by a parent, guardian or custodian. Petitioner was accused of having oral sex and sexual intercourse with his then-girlfriend's daughter, who was between thirteen and seventeen years of age at the time of the charged occurrences. After a trial, petitioner was convicted on all charges. Petitioner then moved to set aside the verdict and grant a new trial based on the introduction of prior bad acts evidence and allegedly inflammatory remarks made in closing by the prosecutor. This motion was denied after a hearing. Petitioner was sentenced to ten to twenty-five years of incarceration on each of the six second degree sexual assault counts, all to run concurrently, and ten to twenty years of incarceration on each of the six counts of sexual abuse by a custodian, all to run concurrently. The second degree sexual assault sentences were ordered to run consecutively with the sexual abuse by a custodian sentences, for a total of twenty to forty-five years of incarceration.

> "When a trial judge vacates a jury verdict and awards a new trial pursuant to Rule 59 of the West Virginia Rules of Civil Procedure , the trial judge has the authority to weigh the evidence and consider the credibility of the witnesses. If the trial judge finds the verdict is against the clear weight of the evidence, is based on

---

[1]Pursuant to Rule 40(e) of the West Virginia Rules of Appellate Procedure, petitioner's last initial will be used in lieu of his last name.

1

false evidence or will result in a miscarriage of justice, the trial judge may set aside the verdict, even if supported by substantial evidence, and grant a new trial. A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion." Syllabus point 3, in part, *In re State Public Building Asbestos Litigation*, 193 W.Va. 119, 454 S.E.2d 413 (1994), cert. denied, 515 U.S. 1160, 115 S.Ct. 2614, 132 L.E.2d 857 (1995).

Syl. Pt. 1, *Neely v. Belk Inc.,* 222 W.Va. 560, 668 S.E.2d 189 (2008).

On appeal, petitioner first argues that the circuit court erred in allowing the State to introduce prior bad acts evidence both in Roane and Wirt Counties which were not subject to a pre-trial Rule 404(b) hearing. The evidence regarded statements by the victim that uncharged sexual abuse had occurred at other places where she and the victim resided together, including in Wirt County. The State argues that the circuit court did not err in admitting evidence from the child victim regarding earlier sexual abuse because the evidence was intrinsic to the charged acts and therefore does not fall under Rule 404(b).

The issue of intrinsic evidence was addressed by this Court in *State v. Cyrus*, 222 W.Va. 214, 664 S.E.2d 99 (2008), wherein the State presented evidence of sexual activity between a victim and an assailant in one county when the crime was charged in another county. The *Cyrus* Court allowed such evidence, explaining that it was intrinsic to the charged crimes and therefore not subject to a Rule 404(b) analysis. The *Cyrus* Court found as follows:

> In *State v. LaRock,* 196 W.Va. 294, 470 S.E.2d 613 (1996), this Court explained that evidence which is "intrinsic" to the indicted charge is not governed by Rule 404(b). We stated,
>
>> In determining whether the admissibility of evidence of "other bad acts" is governed by Rule 404(b), we first must determine if the evidence is "intrinsic" or "extrinsic." *See United States v. Williams,* 900 F.2d 823, 825 (5th Cir.1990): "'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." (Citations omitted). If the proffer fits into the "intrinsic" category, evidence of other crimes should not be suppressed when those facts come in as *res gestae*—as part and parcel of the proof charged in the indictment. *See United States v. Masters,* 622 F.2d 83, 86 (4th Cir.1980) (stating evidence is admissible when it provides the context of the crime, "is necessary to a 'full presentation' of the case, or is . . . appropriate in order 'to complete the story of the crime on trial by proving its immediate context or the "res gestae"'"). (Citations omitted).
>
> 196 W.Va. at 312 n.29, 470 S.E.2d at 631 n.29. This Court further held in *LaRock* that "historical evidence of uncharged prior acts which is inextricably intertwined with the charged crime is admissible over a Rule 403 objection," 196 W.Va. at

2

313, 470 S.E.2d at 632. We explained that, "Rule 403 was not intended to prohibit a prosecutor from presenting a full picture of a crime especially where the prior acts have relevance independent of simply proving the factors listed in Rule 404(b)." *Id.*

We applied our holdings from *LaRock* in *State v. Slaton,* 212 W.Va. 113, 569 S.E.2d 189 (2002). In that case, the appellant was charged with one count of first degree sexual assault; yet, the State presented evidence indicating that the appellant had sexually assaulted the victim on more than one occasion. The appellant argued that the evidence should have been excluded pursuant to Rule 404(b). This Court rejected that argument finding that "the multiple incidents of sexual assault were 'inextricably intertwined'" and thus, the evidence was admissible as it did not constitute a separate act. 212 W.Va. at 119, 569 S.E.2d at 195.

In *State ex rel. Wensell v. Trent,* 218 W.Va. 529, 625 S.E.2d 291 (2005), the appellant sought habeas corpus relief after he was convicted of multiple counts of first degree sexual abuse, first degree sexual assault, and sexual abuse by a custodian. The appellant asserted that the circuit court should have excluded evidence that he punished his victims by spanking them with a paddle board and that he had previously assaulted his wife during a domestic dispute. We concluded that the evidence was admissible explaining that "[i]t portrayed to the jurors the complete story of the inextricably linked events with regard to the interaction between the appellant and his stepdaughters and amounted to intrinsic evidence." 218 W.Va. at 536, 625 S.E.2d at 298.

In this case, the evidence that the appellant sexually assaulted and abused the victims in McDowell County was inextricably intertwined with the alleged offenses in Mercer County. During the time span of the indictment, the appellant and his family, including the victims, moved back and forth between Mercer County and McDowell County. The sexual abuse was a continuing act that occurred in both counties and was impossible for the victims to segregate. Thus, we find no error with the admission of this evidence.

*Cyrus*, 222 W.Va. at 218-219, 664 S.E.2d at 103-104; *see also*, *State v. Harris,* 2013 WL 1500653 (W.Va., April 11, 2012). This Court finds that, pursuant to *Cyrus,* the evidence herein was intrinsic to the charges and, therefore, there is no abuse of discretion.

Petitioner next argues that the circuit court erred in allowing the State to ask the jury to "put themselves in the victim's shoes" in closing argument. Specifically, the prosecutor stated:

I ask you to try to put yourself in [the victim's] shoes for just a few minutes and imagine what it must have been like to sit in an office and tell an adult - - and not just an adult, a male police officer - - and go into the graphic detail about how the man who was the father figure in her life, the male figure since she was two years old, raped her, how he forced her to have sexual intercourse, how he forced her to have oral sex.

3

Petitioner argues that this was in violation of *State v. Clements,* 175 W.Va. 463, 334 S.E.2d 600 (1985), which prohibits use of the "golden rule" argument. The State argues first that there was no objection at trial and that the statement was not plain error because it was not prejudicial, and because the remark related to the victim's credibility, not as an emotional connection to her victimization. The State also argues that no error occurred because the argument was made in relation to how the victim related to a police officer, as opposed to an attempt to elicit a guilty verdict.

This Court has stated that "'[i]n order to take advantage of remarks made during an opening statement or closing argument which are considered improper an objection must be made and counsel must request the court to instruct the jury to disregard them.' *State v. Lewis,* 133 W.Va. 584, 57 S.E.2d 513 (1949)." *State v. Coulter,* 169 W.Va. 526, 530, 288 S.E.2d 819 (1982). Thus, the statement must be examined under plain error, as follows:

> "To trigger application of the "plain error" doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syllabus Point 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 9, *State v. Thompson*, 220 W.Va. 398, 647 S.E.2d 834 (2007). Additionally, this Court has stated that "[a] judgment of conviction will not be set aside because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice." *State v. Sugg*, 193 W.Va. 388, 405, 456 S.E.2d 469, 486 (1995). Finally, this Court has held:

> Four factors are taken into account in determining whether improper prosecutorial comment is so damaging as to require reversal: (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

Syl. Pt. 6, *Sugg*, 193 W.Va. 388, 456 S.E.2d 469. Considering these holdings, this Court finds no error in the circuit court's denial of the motion to set aside the verdict. The statements by the prosecutor do not rise to the level of plain error in this case, and this Court agrees with the State's argument that the comments were directed toward the credibility of the victim's testimony, not the guilt or innocence of petitioner. Moreover, we find no manifest injustice nor do we find clear prejudice.

For the foregoing reasons, we affirm.

Affirmed.

4

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II