605 S.E.2d 809

**STATE of West Virginia, Plaintiff Below, Appellee**

v.

**Anita M. HARRIS, Defendant Below, Appellant.**

**No. 31705.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 8, 2004.

Decided Oct. 27, 2004.

Darrell V. McGraw, Jr., Attorney General, Robert D. Goldberg, Assistant Attorney General, Charleston, for Appellee.

Jack L. Hickok, Paul R. Stone, WV Public Defender Services, Charleston, J. Paul Williams, Public Defender Corporation, Summersville, for Appellant.

PER CURIAM:

In this appeal of a criminal conviction from the Circuit Court of Nicholas County, the appellant contends that the circuit court abused its discretion in allowing a witness to narrate the events on a surveillance videotape played for the jury, when the witness was not present during and did not have personal knowledge about those events. The

appellant also asserts that there is insufficient evidence in the record to support her criminal conviction.

After careful consideration of the trial transcript, the briefs and arguments of the parties, and all other matters of record, we affirm the appellant's conviction.

## I.

Appellant Anita M. Harris was tried before a jury and convicted of one count of third offense shoplifting under *W.Va.Code*, 61–3A–1 [1981].[1] The trial record indicates that on March 17, 2002, at approximately 5:18 p.m., the appellant and a companion, Gena Bragg, entered Bandy's Sunoco store in Calvin, West Virginia. While Ms. Bragg distracted the cashier, the appellant took three cartons of cigarettes from a shelf behind the store's front counter, concealed them inside her coat, and subsequently left the store without paying for the cigarettes. By order dated May 2, 2003, the circuit court sentenced the appellant to a period of confinement of not less than one nor more than ten years in the state penitentiary.

At trial, the prosecutor offered into evidence a videotape from the store's surveillance camera during the testimony of a sheriff's deputy who investigated the store manager's report of a shoplifting. After the tape was allowed into evidence, it was played for the jury. The surveillance tape was recorded in fast motion, recording a frame only every few seconds, and the picture was divided into four frames with each recording activities from cameras in different parts of the store. As the tape played, because of the poor quality of the picture, the sheriff's deputy narrated the tape, identified the appellant in the scene, and described her actions for the jury, all over the objection of the appellant's counsel.

The appellant appeals the circuit court's May 2, 2003 sentencing order, arguing that it was error for the circuit court to allow the sheriff's deputy to narrate the surveillance videotape. The appellant also appeals the circuit court's denial of the appellant's motions for judgment of acquittal, arguing that the State failed to introduce evidence sufficient to prove its case.

## II.

The appellant first argues that the circuit court erred in allowing the sheriff's deputy to narrate the surveillance videotape as it was played for the jury. The appellant asserts that, because the sheriff's deputy did not have personal knowledge of what occurred inside the convenience store, he was not competent to narrate the poor quality surveillance videotape under Rule 602 of the *West Virginia Rules of Evidence* [1994]. Rule 602 states:

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of Rule 703 relating to opinion testimony by expert witnesses.

The appellant argues that the circuit court should, as a result of the appellant's objections, have prevented the sheriff's deputy from describing the videotape as it played.

■ This Court has explained that it affords great deference to evidentiary rulings made by a circuit court.

"The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syllabus point 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds, State ex rel. R.L. v.*

---

1. *W.Va.Code*, 61–3A–1 [1981] states, in pertinent part:

 (a) A person commits the offense of shoplifting if, with intent to appropriate merchandise without paying the merchant's stated price for the merchandise, such person, alone or in concert with another person, knowingly:

 (1) Conceals the merchandise upon his or her person or in another manner; or

 (2) Removes or causes the removal of merchandise from the mercantile establishment or beyond the last station for payment;

. . .

*Bedell,* 192 W.Va. 435, 452 S.E.2d 893 (1994).

Syllabus Point 1, *State v. Calloway,* 207 W.Va. 43, 528 S.E.2d 490 (1999). Stated another way:

"The West Virginia Rules of Evidence ... allocate significant discretion to the trial court in making evidentiary ... rulings. Thus, rulings on the admissibility of evidence ... are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary ... rulings of the circuit court under an abuse of discretion standard." Syllabus Point 1, in part, *McDougal v. McCammon,* 193 W.Va. 229, 455 S.E.2d 788 (1995).

Syllabus Point 9, *Smith v. First Community Bancshares, Inc.,* 212 W.Va. 809, 575 S.E.2d 419 (2002). As the Court in *McDougal* noted of the *Rules of Evidence:* "As the drafters of the rules appear to recognize, evidentiary and procedural rulings, perhaps more than any others, must be made quickly, without unnecessary fear of reversal, and must be individualized to respond to the specific facts of each case." *McDougal v. McCammon,* 193 W.Va. at 235, 455 S.E.2d at 794.

■ Before a witness may testify, Rule 602 of the *Rules of Evidence* provides that a foundation must be established upon which a trier of fact could reasonably conclude that the witness has personal knowledge of the subject matter of the witness's testimony. Rule 602 prohibits a lay witness from testifying about matters that are not within the personal knowledge of the witness. As we stated, in Syllabus Point 6 of *State v. Whitt,* 184 W.Va. 340, 400 S.E.2d 584 (1990):

Rule 602 of the West Virginia Rules of Evidence does not require that the witness's knowledge be positive or rise to the level of absolute certainty. Evidence is inadmissible under this rule only if in the proper exercise of the trial court's discretion it finds that the witness could not have actually perceived or observed that which he testifies to.

■ The record in the instant case reveals that the sheriff's deputy was not present in the store when the appellant was alleged to have shoplifted the cartons of cigarettes. The deputy admitted, on direct examination, that he "didn't actually see the events that are depicted on the videotape." Still, the deputy, throughout his testimony as the videotape was played for the jury, pointed out and identified various individuals and described their actions.[2]

While the deputy had visited the store, and could testify that the videotape accurately reflected the layout of the store, the deputy did not actually see any of the events and matters that were recorded on the videotape. Accordingly, we believe it was error for the circuit court to have permitted the deputy to narrate the videotape during his testimony.

The record reflects that upon objections by defense counsel, the circuit court did—albeit, unsuccessfully—instruct the sheriff's deputy to confine his testimony to those matters that would be admissible under the *Rules of Evidence.* After the deputy's testimony, the appellant's counsel admits that the circuit court inquired, "I assume, since you didn't request a mistrial, that the cautionary instruction was all right with you;[3] and you

---

2. The deputy made narrative statements to the jury describing the events on the videotape such as the following during his direct examination:

Q: Deputy Gordon, could you explain to the jury what we see here right now? ...
A: Yes sir.... You can see the cash register here, and this is Mr. Gray....
Q: Deputy Gordon, I wonder if you could use this to point.
...
A. Okay. Right here is the car that the Defendants get out of. This appears to be Ms. Bragg. She exited the passenger's side of the vehicle....
At this moment, you see the subject [the appellant] here at the end of the counter. You

can see she's looking at the sunglass rack there.... This is Mr. Gray, the cashier that day.... Now, Mr. Gray walks to the back of the store.... This is ... the Bragg girl, with Mr. Gray....
Here you see the lady [the appellant]. That's one carton there that is taken. Actually, I believe there were two taken there. I missed one. Okay, this is Mr. Winebrenner that approaches the counter here. He watches the subject take another carton.

3. The cautionary instruction to which the circuit court was referring concerned a statement made near the outset of the sheriff's deputy's testimony, when he identified the surveillance videotape for the jury by reading a label affixed to the

 

have no objection to continuing?" The appellant's counsel concedes that no additional objections were lodged, and further concedes in the appellant's brief that "perhaps" a motion for a mistrial should have been made. The appellant, however, argues that the circuit court should have, *sua sponte,* granted a mistrial after hearing the deputy's testimony.

 *W.Va.Code,* 62-3-7 [1923] allows a circuit court discretion to declare a mistrial in a criminal case and to discharge the jury when "there is a manifest necessity for such discharge." "Termination of a criminal trial arising from a manifest necessity will not result in double jeopardy barring a retrial." Syllabus Point 4, *Keller v. Ferguson,* 177 W.Va. 616, 355 S.E.2d 405 (1987). Upon a thorough review of the record, it does not appear that the deputy's testimony manifestly required the circuit court to terminate the jury trial. Accordingly, we cannot conclude that the circuit court abused its discretion in declining to grant a mistrial on its own volition.

The final error asserted by the appellant is that, in the absence of the deputy sheriff's inadmissible narrative testimony, there was insufficient evidence for a jury to conclude that the appellant removed the three cartons of cigarettes from the store. The appellant contends that no witness testified to seeing the appellant remove any merchandise from the store without paying for it. Accordingly, the appellant argues that the circuit court erred in denying the appellant's motions for judgment of acquittal.

The State, however, asserts that there is ample circumstantial evidence in the record to support the conviction. We agree.

 The record reveals that the sheriff's deputy testified that a store clerk saw Gena Bragg come into the store with another woman, and that Ms. Bragg asked the clerk to help her choose a motor oil from a shelf in the back of the store. Ms. Bragg testified that she entered the store with the appellant intending to buy some motor oil, and that she asked the clerk for assistance. The clerk

identified himself on the surveillance videotape leaving the cash register and going to the back of the store with a female customer to look at types of motor oil. The videotape also shows a woman near the register looking at sunglasses, and as soon as the clerk leaves the register to assist Ms. Bragg, the woman takes what appears to be several cartons of cigarettes from behind the register. A customer standing near the register testified he saw a female reach behind the counter and take a carton of cigarettes. The customer informed the store manager, and the store manager then reviewed the videotape. The store manager testified that an inventory done shortly thereafter showed three cartons of cigarettes were missing.

Ms. Bragg testified that she and the appellant arrived and left the store in the appellant's black Mitsubishi. The store clerk indicated at trial that the person he assisted in choosing motor oil left the store in a Mitsubishi. And the surveillance videotape shows the purported shoplifter and the woman who needed assistance with motor oil arriving and leaving together in a black car.

Taking the videotape together with the corroborating testimony of the State's witnesses—but excluding the inadmissible narrative testimony by the sheriff's deputy—there is sufficient evidence, albeit circumstantial, that the appellant was present in the store at the time the crime occurred, and that she took the cigarettes with the intention to appropriate them without paying the merchant's stated price. We therefore conclude that the circuit court properly rejected the appellant's motions for acquittal.

### III.

The circuit court's May 2, 2003 sentencing order is affirmed.

Affirmed.

---

videotape, which said: "Type of Offense: Shoplifting third offense[.]" Upon objection by counsel for the appellant, the circuit court cautioned

the jury that "this is not a third-offense shoplifting. It's just a shoplifting case."