# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Donald Wilson,**
**Petitioner Below, Petitioner**

vs) **No. 14-0831** (Wood County 08-P-169)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

June 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Donald Wilson, by counsel Joseph T. Santer, appeals the Final Order of the Circuit Court of Wood County, entered on July 24, 2014, denying his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mount Olive Correctional Complex, by counsel J. Zak Ritchie, filed a response. Petitioner filed a reply. On appeal, petitioner challenges the habeas court's rulings with respect to (1) the admission of certain evidence during trial, and (2) whether petitioner received ineffective assistance of counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2006 petitioner was indicted on one count of first degree robbery and one count of malicious assault. The case proceeded to a jury trial in December of 2006. The evidence at trial was that on the evening of April 6, 2006, petitioner, who was thirty-three years old at the time, met a friend, Mike Nutter, at a local bar, Beef's 614 Club. Nutter had been at the bar drinking for a few hours prior to petitioner's arrival with a recent acquaintance, Nick Wilcox.[1] After drinking until closing time, the three men took a cab south from Parkersburg, during which the conversation turned to buying marijuana. The cab driver let the three men off near an apartment complex where petitioner stated that he could buy marijuana. While in the apartment complex parking lot, Wilcox and petitioner had an altercation, during which Wilcox insulted petitioner and spit in his face. Petitioner then punched Wilcox in the face several times, knocking him to the ground. Petitioner then kicked Wilcox while he was on the ground until Nutter yelled at him to stop. Nutter testified that, while Wilcox was on the ground, petitioner

---

[1] Petitioner and Wilcox had never met prior to meeting at the bar.

1

twisted Wilcox's arm, rolled him over, took his wallet from his pocket, removed fifteen dollars, and threw the wallet aside. Petitioner and Nutter then walked away, leaving Wilcox on the ground. Wilcox was taken to the hospital after a passerby called for an ambulance. Wilcox testified at the trial that petitioner assaulted him and that his wallet was missing from his pocket and lying on the ground nearby; however, he was unable to recall petitioner twisting his arm or taking his wallet. Petitioner testified and denied taking Wilcox's wallet or money.[2]

The jury found petitioner guilty of first degree robbery and malicious assault. The circuit court sentenced petitioner to consecutive prison terms of sixty years for first degree robbery and two to ten years for malicious assault. Petitioner filed an appeal with this Court, which was refused on January 8, 2008.

Thereafter, petitioner filed the instant petition for a writ habeas corpus, which was amended following the appointment of counsel. During two days of an omnibus evidentiary hearing, the circuit court heard testimony from petitioner, petitioner's trial counsel, F. John Oshoway, and Jeffrey "Beef" Harris, the owner of Beef's 614 Club. Petitioner argued that the circuit court erroneously permitted into evidence (1) an unauthenticated hospital record detailing Wilcox's injuries; (2) the sheriff's department's rights and waiver form and the deputy's testimony thereto; and (3) testimony as to whether petitioner would have continued beating Wilcox had Nutter not urged him to stop. Petitioner also alleged that his trial counsel was ineffective. In support of this claim, petitioner contended that, in addition to allowing the three above-mentioned pieces of evidence to be admitted at trial, his counsel had no real theory of defense because he believed the only way to resolve the case was through a plea bargain. Additionally, petitioner contended that his trial counsel failed to obtain a transcript from the preliminary hearing; to adequately investigate the case; or to secure witnesses to testify in petitioner's defense, such as Mr. Harris. By order entered July 24, 2014, the circuit court denied the habeas petition, and this appeal followed.

We review the denial of a habeas petition under a three-prong standard of review. We review "the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006). Additionally, we have held that ordinary trial errors not involving constitutional violations are not subject to post-conviction review in a habeas proceeding. *See* Syl. Pt. 4, *State ex rel. Farmer v. McBride,* 224 W.Va. 469, 686 S.E.2d 609 (2009).

On appeal, petitioner raises four assignments of error, the first three of which challenge evidentiary rulings by the trial court.[3] "The action of a trial court in admitting or excluding

---

[2] After being arrested and read his *Miranda* rights, petitioner gave a statement wherein he described the evening until the beginning of the beating, at which point he refused to speak any further.

[3] We note that respondent contends that, under our holding in *Farmer,* we could refuse to consider the petitioner's first three assignments of error. With the exception of petitioner's (continued . . .)

evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syl. Pt. 1, *State v. Harris,* 216 W.Va. 237, 605 S.E.2d 809 (2004) (citations omitted). Petitioner argues first that the trial court erred by allowing testimony that petitioner's assault on Wilcox would not have stopped but for Nutter's intervention. Petitioner asserts that this testimony was improper under Rule 602 of the West Virginia Rules of Evidence[4] because the witness (Wilcox) could not have actually personally perceived or observed the basis for his testimony. Petitioner argues that the testimony was speculative because no one knows what would have happened had Nutter not been there. However, our review of the record reveals that petitioner also testified that he may not have stopped beating Wilcox had Nutter not intervened. Therefore, we see no error in the habeas court's ruling with respect to this alleged trial error.

Next, petitioner contends that the trial court erred by allowing the admission of Wilcox's emergency room records without proper authentication. Petitioner argues that, as a result, the State was allowed to paint the attack as vicious and brutal. Upon our review of the record, it is clear that petitioner's assault of Wilcox *was* vicious and brutal, the hospital records notwithstanding. Moreover, Wilcox testified to his own injuries. Thus, his hospital records did not contain any information that would have affected the outcome of the trial.

Petitioner's third assignment of error is that the trial court permitted the deputy sheriff who interviewed petitioner to reference that petitioner refused to give a statement. Specifically, petitioner argues that the deputy testified to petitioner's *Miranda* rights waiver form, and that after giving part of a statement, petitioner "didn't wish to go any further." Petitioner contends that such testimony is tantamount to using his silence against him in violation of the Fifth Amendment to the United States Constitution. Upon our review of the record, we reject petitioner's argument. The deputy did not comment or elaborate on petitioner's silence. However, although petitioner did not confess to the assault in his statement, he did so during his trial testimony. Therefore, the introduction of the waiver form and the deputy's testimony in connection therewith did not violate petitioner's right to remain silent. The habeas court properly rejected petitioner's argument in this regard.

Petitioner's final assignment of error is that he received ineffective assistance of counsel at his trial. Petitioner contends that Mr. Oshoway made little effort to investigate the case or to secure witnesses for petitioner. Petitioner argues that, contrary to Mr. Oshoway's testimony at

---

contention that the State elicited testimony relating to his choice to remain silent during the investigation, respondent is correct. Nevertheless, we will address the merits of petitioner's arguments.

[4] Rule 602 states that

[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703.

the omnibus hearing, Mr. Harris and the cab driver could have testified that, all through the night, petitioner was the only one with money and was buying the drinks. Petitioner asserts that this testimony is relevant because it would show that petitioner would not rob someone who had professed to have no money. Petitioner argues further that Mr. Oshoway failed to make stronger objections to the introduction of the evidence challenged in the first three assignments of error. Petitioner concedes that Mr. Oshoway raised timely objections, but claims that he was not sufficiently vigilant to keep the evidence from being admitted.

In Syllabus Points 3, 4, and 5 of *State ex rel. Vernatter v. Warden, West Virginia State Penitentiary,* 207 W.Va. 11, 528 S.E.2d 207 (1999), we held as follows:

> 3. "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

> 4. "In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." Syllabus point 6, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

> 5. "The fulcrum for any ineffective assistance of counsel claim is the adequacy of counsel's investigation. Although there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and judicial scrutiny of counsel's performance must be highly deferential, counsel must at a minimum conduct a reasonable investigation enabling him or her to make informed decisions about how best to represent criminal clients. Thus, the presumption is simply inappropriate if counsel's strategic decisions are made after an inadequate investigation." Syllabus point 3, *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995).

Upon our review of the record and the applicable case law, we see no error in the habeas court's conclusion that petitioner received effective assistance of counsel. Contrary to petitioner's argument, Mr. Oshoway retained a private investigator to investigate the case, met with petitioner in advance of trial, and adequately discussed the case with him. As Mr. Oshoway testified, "the issue of who paid for [the drinks] didn't seem to be particularly germane to the main issue of whether or not . . . [petitioner had] taken the wallet . . . ." The habeas court was correct not to second-guess Mr. Oshoway's determination that neither Mr. Harris nor the cab driver would provide relevant testimony because neither were present at the time of the assault.

4

As for petitioner's assertion that Mr. Oshoway failed to prevent the admission of the evidence at issue in the first three assignments error, the record demonstrates that Mr. Oshoway did object to this evidence, but the objection was overruled. We fail to see what more Mr. Oshoway could have done on petitioner's behalf in this regard. Petitioner has failed to meet his burden that he received ineffective assistance of counsel.

For the foregoing reasons, we affirm the circuit court's order denying petitioner habeas relief.

Affirmed.

**ISSUED:** June 12, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5