# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 14-1197** (Cabell County 13-F-106)

**Joshua M.,**
**Defendant Below, Petitioner**

**FILED**

September 21, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joshua M.,[1] by counsel Lori M. Waller, appeals the Circuit Court of Cabell County's October 20, 2014, order sentencing him to two consecutive terms of incarceration of ten to twenty years in prison for his conviction of two counts of sexual abuse by a parent, guardian, or custodian.[2] The State, by counsel Derek A. Knopp, filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court made erroneous evidentiary rulings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2013, a Cabell County grand jury indicted petitioner on two counts of sexual abuse by a parent, guardian, or custodian and two counts of first-degree sexual assault for digitally penetrating his six-year-old daughter ("the victim"). Following a two-day trial, a jury convicted petitioner of two counts of sexual abuse by a parent, guardian, or custodian. The jury acquitted petitioner of both counts of first-degree sexual assault.

In August of 2014, petitioner filed a motion for new trial arguing that the jury was improperly allowed to view a video recording wherein he admitted to having sexual desires toward the victim, and that the State was allowed to cross-examine him on matters not directly

---

[1]Consistent with our practice in cases involving sensitive matters, we use initials to protect the identity of the child victims in this case. *See* W.Va. RA.P. 40(e)(1); *State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2]Petitioner's counsel filed this appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967).

1

related to direct examination. In October of 2014, the circuit court sentenced petitioner to consecutive terms of incarceration of ten to twenty years for each count of sexual abuse by a parent, guardian, or custodian, pursuant to West Virginia Code § 61-8D-5. The circuit court also sentenced petitioner to serve a period of thirty years of supervised release upon being released from incarceration. The circuit court denied also petitioner's motion for judgment of acquittal or a new trial. Petitioner now appeals.

On appeal, petitioner argues that the circuit court erred in admitting a videotaped interview during which he discussed impure thoughts about the victim because the video was not relevant and was more prejudicial than probative. "The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syl. Pt. 1, *State v. Harris*, 216 W.Va. 237, 605 S.E.2d 809 (2004) (citations omitted).

Rule 401 of the West Virginia Rules of Evidence states that "evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Further, Rule 403 of the West Virginia Rules of Evidence provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." In this case, the State was required to prove beyond a reasonable doubt that petitioner engaged in or attempted to engage in sexual intrusion. "'Sexual intrusion' means any act between persons involving penetration, however slight, of the female sex organ or of the anus of any person by an object for the purpose . . . gratifying the sexual desire of either party." W.Va. Code § 61-8B-1(8) Upon review of the record, the circuit court did not abuse its discretion in allowing the video recording into evidence. The video recording was relevant and the prejudice to petitioner was not outweighed by the probative value of the evidence because the video tended to prove that petitioner had impure thoughts to satisfy his sexual desires, which is directly related to an essential element of the crime.

Petitioner also argues that the videotape interview should have been excluded as evidence of a crime, wrong, or other act pursuant to Rule 404(b) of the West Virginia Rules of Evidence and that the circuit court should have provided a limiting instruction. The video recording demonstrating petitioner's impure thoughts toward the victim is not the type of evidence that Rule 404(b) excludes because the interview does not contain manifest evidence of a crime, wrong, or other act. For these reasons, the circuit court did not err in admitting the videotape interview into evidence.

Next, petitioner argues that the victim's testimony regarding the sexual assault was uncorroborated. The victim testified that petitioner touched her private area and her "butt" or "anus." This Court has held that "[a] conviction for any sexual offense may be obtained on the uncorroborated testimony of the victim, unless such testimony is inherently incredible, the credibility is a question for the jury." Syl. Pt. 5, *State v. Beck,* 167 W.Va. 830, 286 S.E.2d 234 (1981). Upon review of the record, there is nothing to support an argument that the victim's testimony was inherently incredible.

Finally, petitioner argues that the circuit court erred in allowing the State to cross-examine him on issues beyond the scope of direct examination. Rule 611(b)(1) of the West Virginia Rules of Evidence plainly states that "[a] party may be cross-examined on *any* matter relevant to any issue in the case, including credibility." (Emphasis added.) This Court has held:

> The extent of the cross-examination of a witness is a matter within the sound discretion of the trial court; and in the exercise of such discretion, in excluding or permitting questions on cross-examination, its action is not reviewable except in case of manifest abuse or injustice. Syllabus Point 4, *State v. Carduff*, 142 W.Va. 18, 93 S.E.2d 502 (1956).

Syl. Pt. 6, *Jackson v. State Farm Mut. Auto. Ins. Co.*, 215 W.Va. 634, 600 S.E.2d 346 (2004). On direct examination, which consisted of four questions, petitioner simply denied the allegations against him. On cross-examination, the State questioned petitioner about his sexual desires towards the victim. Given that petitioner's desire to satisfy his sexual gratification was an essential issue in the case, it was permissible for the circuit court to allow the State to cross-examine petitioner on this issue. For these reasons, the circuit court did not abuse its discretion in permitting the State to cross-examine petitioner regarding his sexual desires toward the victim.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: September 21, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II