# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-0754**  (Preston County 15-F-56)

**Michael Lee Taylor,**
**Defendant Below, Petitioner**

**FILED**

**November 17, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael Lee Taylor, by counsel Sally C. Collins, appeals the Circuit Court of Preston County's June 14, 2016, order denying his motion for judgment of acquittal or a new trial and a request for a dismissal following a jury trial and his convictions on four counts of third degree sexual assault. Respondent the State of West Virginia, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order. Petitioner also submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The charges against petitioner arise from alleged sexual contact with D.W., petitioner's girlfriend's thirteen-year-old sister, in both Preston and Monongalia counties between August of 2012 and May of 2014. Petitioner first exposed himself to D.W. when she exited the bathroom in her family's home in Monongalia County, and then he engaged in sexual intercourse with her. D.W. also temporarily resided with her sister and petitioner in Preston County to help care for her sister and petitioner's young child. During that time, the sexual abuse became more frequent, including petitioner making D.W. perform oral sex. D.W. later described the sexual interactions with petitioner as a "regular activity" that occurred "[m]ore than a hundred times." Petitioner had explicit telephone conversations with D.W., drove her down remote back roads to engage in sexual intercourse, and had sex with her in his home. He also had sex with her in a building in Monongalia County, where he worked as a night-time janitor. D.W. eventually told her mother about the sexual relationship with petitioner. After law enforcement was contacted, D.W. gave them two pair of her underwear, one of which contained DNA consistent with petitioner's profile. Petitioner was arrested and charged with sexual assault.

A Preston County grand jury indicted petitioner on seven felony counts: one count of second degree sexual assault and six counts of third-degree sexual assault. However, the second degree sexual assault charge was dismissed on the State's motion prior to trial based on the

1

assertion that the events in that count did not occur in Preston County. The State submitted a Notice of *res gestae* evidence to which petitioner objected. The circuit court held that the prosecutor may present *res gestae* evidence of alleged sexual acts or acts preliminary thereto allegedly occurring in Monongalia County or that the victim may testify to more than the six events alleged in the remaining counts of the indictment. Petitioner submitted a motion in limine to exclude DNA evidence on a challenge of relevancy under West Virginia Rule of Evidence 702 and *Craddock v. Watson*, 197 W. Va. 62, 475 S.E.2d 62 (1996). The circuit court denied that motion. During the trial, petitioner's counsel moved to dismiss one count of third degree sexual assault based on the fact that the evidence showed the act occurred in Monongalia County, rather than Preston County. The State agreed, and the circuit court dismissed count two of the indictment.

Following a jury trial on April 5 and 6, 2016, petitioner was found guilty of four counts of third degree sexual assault and not guilty of one count of third degree sexual assault. Petitioner filed a motion for a judgment of acquittal or a new trial and a request for dismissal, which were denied in the June 14, 2016, sentencing order. After reviewing the presentence investigation report, petitioner was also sentenced to a term of incarceration of one to five years for each of the four counts, said sentences to run consecutively for an effective sentence of four to twenty years. He was given credit for time served in the regional jail. The circuit court also sentenced petitioner to a period of supervised release for thirty years. The circuit court further ordered that petitioner receive any cognitive-based sex offender treatment and substance abuse treatment available during his imprisonment. In addition, petitioner was required to register as a sex offender within three days of his release from imprisonment. Petitioner appeals from that sentencing order.

The issues presented in this case relate to the circuit court's admission of certain evidence. With regard to such admission, we have held as follows:

> "The West Virginia Rules of Evidence . . . allocate significant discretion to the trial court in making evidentiary . . . rulings. Thus, rulings on the admissibility of evidence . . . are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary . . . rulings of the circuit court under an abuse of discretion standard." Syllabus Point 1, in part, *McDougal v. McCammon,* 193 W.Va. 229, 455 S.E.2d 788 (1995).

Syl. Pt. 9, *Smith v. First Community Bancshares, Inc.*, 212 W. Va. 809, 575 S.E.2d 419 (2002). Specifically, he contends that the circuit court erred by employing the wrong standard to determine the relevance of DNA testing results and expert testimony offered by the State regarding that evidence. As a result, he asserts that the circuit court erred in admitting DNA testing results and expert testimony offered by the State.

Petitioner states that when Corporal Susan Mitter of the Preston County Sheriff's Department collected underwear from D.W. in May of 2014 that D.W. told her that she had been wearing the underwear after she had sex with petitioner. Further, he admits that one pair of those underwear yielded a partial Y-STR profile that rendered comparison results to petitioner's profile. He filed a motion to exclude those results below, arguing that there was no direct

2

connection between the underwear and D.W. having sex with petitioner in Preston County. Instead, he argues that D.W. identified those underwear as the ones she wore when she last had sex with petitioner, and that sex occurred in Monongalia County, rather than Preston County. He also asserts that the introduction of such evidence would be highly prejudicial to petitioner and inadmissible under Rules 402 and 404(b) of the West Virginia Rules of Evidence. Petitioner contends that the circuit court improperly allowed the State to present not only the written report of the lab that tested the underwear but also the testimony of the laboratory analyst, A.K. Gill. As part of that argument, he asserts that West Virginia precedent and Rule 702 of the West Virginia Rules of Evidence required the circuit court to act as a gatekeeper and required that the court prohibit Gill from testifying about the underwear.

> Rule 702 of the West Virginia Rules of Evidence provides as follows:
>
> (a) If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.
> (b) In addition to the requirements in subsection (a), expert testimony based on a novel scientific theory, principle, methodology, or procedure is admissible only if:
> (1) the testimony is based on sufficient facts or data;
> (2) the testimony is the product of reliable principles and methods; and
> (3) the expert has reliably applied the principles and methods to the facts of the case.

Petitioner does not appear to dispute that Gill had specialized knowledge regarding the laboratory testing process or the content of DNA report at issue. Further, he does not address the majority of the criteria set forth in Rule 702, instead focusing on the information from D.W. that suggests that the tested underwear related to crimes that occurred in Monongalia County.

At trial, D.W. testified that she had over 200 sexual encounters with petitioner, six of which occurred in Monongalia County. She further testified that over 100 acts of oral sex and over 100 acts of sexual intercourse occurred in petitioner's home in Preston County. Similar to the facts in *State v. Cyrus*, 222 W. Va. 214, 664 S.E.2d 99 (2008), the State maintains that the evidence of sexual abuse in Monongalia and Preston Counties was inextricably intertwined with the crimes for which petitioner was charged in Preston County, so evidence of those crimes was admissible.

> In *State v. LaRock,* 196 W.Va. 294, 470 S.E.2d 613 (1996), this Court explained that evidence which is "intrinsic" to the indicted charge is not governed by Rule 404(b). We stated,
>
> > In determining whether the admissibility of evidence of "other bad acts" is governed by Rule 404(b), we first must determine if the evidence is "intrinsic" or "extrinsic." *See United States v. Williams,* 900 F.2d 823, 825 (5th Cir.1990): "'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of

the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." (Citations omitted). If the proffer fits into the "intrinsic" category, evidence of other crimes should not be suppressed when those facts come in as *res gestae*— as part and parcel of the proof charged in the indictment. *See United States v. Masters,* 622 F.2d 83, 86 (4th Cir.1980) (stating evidence is admissible when it provides the context of the crime, "is necessary to a 'full presentation' of the case, or is . . . appropriate in order 'to complete the story of the crime on trial by proving its immediate context or the "res gestae"'"). (Citations omitted).

196 W.Va. at 312 n. 29, 470 S.E.2d at 631 n. 29. This Court further held in *LaRock* that "historical evidence of uncharged prior acts which is inextricably intertwined with the charged crime is admissible over a Rule 403 objection," 196 W.Va. at 313, 470 S.E.2d at 632. We explained that, "Rule 403 was not intended to prohibit a prosecutor from presenting a full picture of a crime especially where the prior acts have relevance independent of simply proving the factors listed in Rule 404(b)." *Id.*

*Cyrus* at 218, 664 S.E.2d at 103.

Based upon our review of the record, we find that the evidence that petitioner sexually assaulted D.W. in Monongalia County was inextricably intertwined with the offenses in Preston County. During the relevant time period, petitioner transported D.W. from his residence in Preston County to his place of work in Monongalia County where they engaged in sexual acts, in addition to engaging in sexual acts with D.W. at his Preston County residence. As in *Cyrus,* "[t]he sexual abuse was a continuing act that occurred in both counties and was impossible for the victim[] to segregate. Thus, we find no error with the admission of this evidence." *Id.* at 219, 664 S.E.2d at 104. For these reasons, we affirm the circuit court's denial of petitioner's post-trial motions.

Affirmed.

**ISSUED:** November 17, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4